## SHAILOR F. BURNHAM vs. SAMUEL HUBBARD.

The plaintiff leased certain premises to A, who covenanted to pay the rent and the defendant became his surety. In a suit on the guaranty against the defendant, he claimed in his defence that the plaintiff by receiving an order drawn by A on P for the rent, and accepted by the latter, discharged the defendant from his suretyship. The court below found that neither the plaintiff nor A understood the receiving of the order as releasing A from any of the obligations of his lease. Held that A's obligation to pay the rent was not affected, nor the liability of the defendant as his surety.

The express covenant of A to pay the rent could not be discharged by any mere collateral matter and by nothing short of a mutual agreement.

A receipt by a lessor of rent from an under-tenant of his lessee, is not necessarily an acknowledgment of the under-tenant as his own tenant.

Questions of fact decided by the court below can not be reviewed by this court.

COVENANT against the defendant as surety for rent; brought to the Court of Common Pleas for Hartford county and tried on the general issue, with notice, closed to the court, before *Briscoe, J.* Judgment for the plaintiff and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*Goodman*, in support of the motion.

*E. Hall*, contra.

LOOMIS, J. It appears from the record in this case that the plaintiff by indenture leased certain premises belonging to him to one Allen, and the defendant at the same time, by a writing under seal, upon the face of the lease, became surety for the performance on the part of Allen of all the covenants contained in the lease. Allen failed to pay the rent as stipulated in the lease, and this suit was brought to recover the same of the defendant, upon his covenant as surety.

The defendant, in his motion for a new trial, claims that the court erred in not holding that he was released from all his obligations as surety, upon three grounds—viz:

1. That the plaintiff, by receiving an order drawn by Allen upon, and accepted by, Z. Preston & Co., as found by the

court on the record, made an alteration of the contract between the plaintiff and Allen upon which the defendant was surety.

2. That the facts found show that Preston & Co. were the tenants of the plaintiff, of that part of the premises leased by Allen to them.

3. That the defendant was tenant of the plaintiff of the remaining part of the premises leased by him to Allen.

It seems to us that the legal propositions involved in these points of defence, are all based upon assumptions of fact which the record does not sustain.

1. The order referred to could not upon the facts disclosed in the record affect the covenants between the plaintiff and Allen as contained in the lease.

It appears that the plaintiff was no party to the arrangement respecting the order; that it was obtained neither at his request nor for his convenience, but at the request and for the convenience of Preston & Co.; that the plaintiff had no knowledge of the existence of the order till Preston & Co. came to pay rent on Allen's account, when the amount so paid was indorsed by the plaintiff on this order. It no where appears, from the facts found, that the plaintiff ever received or had control of this order as his own property, or had anything more to do with it than to indorse upon it, when presented, the amount paid as rent, and it is a natural inference from the facts as stated that the order was considered as a voucher for the benefit of Preston & Co., to show the payments made by them on Allen's account, and their authority to make such payments. But the facts found directly by the court are sufficient, without adding the inference above mentioned. It is stated that "neither the plaintiff nor Allen understood said order as releasing Allen from any of the obligations of the lease." This fact alone must be decisive of this part of the case, because it will be observed that the covenant of Allen, in his lease to the plaintiff, is an express covenant, and as such it could not be discharged by any collateral matter, nor by anything short of a mutual agreement. *Warren* v. *Powers*, 5 Conn., 373.

2. The defendant further claims to have been released from his covenants on the ground that Preston & Co. were the tenants of the plaintiff of that part of the premises leased by Allen to them.

But the record fails to show the necessary facts upon which such a tenancy must be predicated. The court finds that "the plaintiff had not in any way accepted Preston & Co. as his tenants, unless the receiving said order as above related from Preston & Co., and the receiving of the amounts endorsed thereon, constituted such acceptance." This defence, therefore, must rest solely upon the facts relative to the order, and the comments upon those facts already made show conclusively that the defendant's claim in this regard has no substantial foundation.

3. The only question remaining to be considered is, whether, upon the facts as recorded, the court ought to have decided that the defendant was tenant of the plaintiff, of part of the premises leased by him to Allen.

In order to require of the court such a decision, it should appear that the plaintiff accepted the defendant as his tenant, with the assent of the defendant, and of Allen, the original lessee. It is obvious, from the facts found, that there was much pertinent evidence before the court to support the claim of the defendant on this part of the case, but the difficulty is that the court has not found, as matter of fact, that the plaintiff did accept or recognize the defendant as his tenant, and there are no facts mentioned in the record which we can say amounted in law to an acceptance of the defendant as the tenant of the plaintiff. It appears that after Allen had underlet a portion of the premises to Preston & Co., he surrendered possession of all the rest of the premises leased by him of the plaintiff to the defendant, and that on divers occasions the plaintiff rendered his bills for rent directly to the defendant, and that the defendant paid the rent until July 1st, 1869. This is strong evidence to show a recognition of the defendant by the plaintiff as his tenant. The payment and receipt of rent is held to be the ordinary acknowledgment of a tenancy. Taylor's Landlord and Tenant, § 22. It is not, how-

ever, conclusive. In the case of *Bacon* v. *Brown*, 9 Conn., 334, it was held that a receipt for rent from a lessor, given to an under-tenant, acknowledging the receipt of so much as rent, would not of itself recognize the under-tenant as his tenant.

In the case now under consideration there was some evidence to rebut the presumption which arises from the payment and receipt of rent. It appears that the plaintiff repeatedly demanded the entire rent of the defendant as surety, and that the defendant on three occasions, one as late as the summer of 1868, applied to the plaintiff to release him from his obligations as surety, which the plaintiff refused to do. These facts may have convinced the court that the minds of the parties never met in any mutual recognition of the defendant as tenant of the plaintiff, and that bills for rent may have been presented by the plaintiff to the defendant, and paid by the latter, because of his liability to pay the rent as surety, and because it was understood that he was at the time the only responsible party from whom the rent could be collected.

But whatever may have been the reasoning of the court, it is sufficient to justify our conclusion that it was a question with evidence on both sides, and it was the exclusive province of the court below to weigh that evidence. The court exercised its prerogative in this respect, and decided in favor of the plaintiff, and as we cannot see from the record that the court mistook any principle of law, a new trial is not advised.

In this opinion the other judges concurred.